# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ONOFRE T. SERRANO, | No. CV 06-3917-VBF (PLA) |
| Petitioner, | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |
| v. | |
| LEROY BACA, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation. The Court agrees with the recommendations of the Magistrate Judge, with the following modification:

With respect to Section IV of the Report and Recommendation ("Standard of Review"), the Court concludes that Grounds One and Two of the Petition are not exhausted. Petitioner presented these claims in his pretrial motion to set aside the information pursuant to California Penal Code § 995, which was filed in the Los Angeles County Superior Court. After the superior court denied the motion, petitioner filed a petition for writ of mandate/prohibition in the California Court of Appeal. Following the denial of that petition, petitioner filed a petition for review in the California Supreme Court, which was rejected on February 22, 2006. (See Motion to Dismiss, Lodgment Nos. 5-8). Petitioner was ultimately convicted on August 4, 2006, pursuant to a plea

of no contest to one count of selling a controlled substance (Cal. Health & Safety Code § 11352(a)). (Lodgment No. 1 at 49-51).

This Court finds that the denial of the writ of mandate/prohibition may not have amounted to an adjudication of the merits as full appellate review of the claims was still available following petitioner's conviction. See Pitchess v. Davis, 421 U.S. 482, 488, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) (stating that the denial of a writ of prohibition "does not constitute, and cannot be fairly read as, an adjudication on the merits of the claim presented").

Nevertheless, as the Report and Recommendation sets forth, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). For a court to address an unexhausted claim on the merits, however, it must be "perfectly clear that the applicant does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005), cert. denied, 546 U.S. 1172 (2006).

The Court has conducted a de novo review of Grounds One and Two, and concludes that petitioner has failed to raise colorable federal claims. With respect to Ground One, the Court finds that petitioner's ineffective assistance of counsel claim is barred by the rationale of Tollett v. Henderson as the claim is based on counsel's alleged conduct concerning matters that arose prior to petitioner's plea agreement. See Tollett, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Alternatively, on the merits, the claim fails because petitioner has not established prejudice within the meaning of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As for Ground Two, in which petitioner alleges a due process violation because the government engaged in outrageous misconduct by using a paid informant who had outstanding warrants, the claim is likewise barred by Tollett as it pertains to pre-plea events. Alternatively, the claim also fails on the merits because petitioner has failed to demonstrate that the use of the paid

1 informant by the police deprived petitioner of his constitutional rights.  See United States v.
2 Simpson, 813 F.2d 1462, 1469 (9th Cir. 1987).

3       For these reasons, pursuant to a de novo review, habeas relief is not warranted for
4 Grounds One and Two.

5       ACCORDINGLY, IT IS ORDERED:

6       1.    The report and recommendation is adopted, as modified with respect to Grounds
7 One and Two.

8       2.    Judgment shall be entered consistent with this order.

9       3.    The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: September 30, 2008

                  /s/ Valerie Baker Fairbank
                  HONORABLE VALERIE BAKER FAIRBANK
                  UNITED STATES DISTRICT JUDGE